# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH MARIE TROXLER, | : | CIVIL ACTION NO. 1:13-CV-2784 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| MONEY GRAM INTERNATIONAL, INC., | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I.     BACKGROUND.**

On November 12, 2013, Plaintiff Ruth Marie Troxler, a resident at 515 Exeter, Apt. C4, San Antonio, Texas, filed, *pro se*, this instant civil RICO action pursuant to 18 U.S.C. § 1961, *et seq*. (Doc. 1). Plaintiff also captioned her original Complaint as related to a pending criminal action in this Court namely, *United States v. Money Gram International, Inc*., 1:12-CR-0291, M.D. Pa. Plaintiff's original Complaint was a 3-page typed document. On December 3, 2013, Plaintiff filed a Motion to Proceed *in forma pauperis*. (Doc. 5).

Plaintiff named as her sole Defendant Money Gram International, Inc., and she did not provide an address for this Defendant or state where this Defendant was incorporated and had its principal place of business. Plaintiff stated that Defendant was engaged in a continuing criminal enterprise and a pattern of racketeering activity under §1962 of RICO. Plaintiff further averred that for years she used Defendant's "services to send money to known fraudsters (sic), which [Defendant] knew or should have known, were fraudulently obtained and the said funds were to be used for other purposes than what was stated in the documents used to obtain those

funds, in violation of Title 18 USC [§] 1341, Mail Fraud." Plaintiff also alleged that she had transmitted at least $7,500.00 to Defendant. As relief, Plaintiff sought $7,500.00 plus treble damages under §1964 of RICO.

Plaintiff's original Complaint was difficult to understand and it was not a proper pleading. It was also not clear as to where Defendant was located and, where Plaintiff's claims accrued. The dates of each of Plaintiff's claims were not clear and there were insufficient allegations as to the actions of Defendant which constituted RICO violations.

Since Plaintiff filed a Motion to Proceed *in forma pauperis* (Doc. 5), we screened her original Complaint under 28 U.S.C. §1915(e)(2). *See Henry v. Harrisburg Police Dept.*, Civil No. 1:13-CV-2740, M.D. Pa. ("[T]he screening requirements articulated in 28 U.S.C. §1915(e)(2) apply with equal force to poisoner and civilian litigants alike."). We found that Plaintiff's original Complaint was deficient and, we issued an Order on December 4, 2013, explaining the deficiencies in Plaintiff 's pleading and directing Plaintiff to file an Amended Complaint.[1] (Doc. 6).

Plaintiff filed her 15-page typed Amended Complaint on December 26, 2013. (Doc. 7). We now screen Plaintiff 's Amended Complaint.

In screening a Complaint, the Court uses the Rule 12(b)(6) motion to dismiss standard.

---

[1]In our December 4, 2013 Order, we incorrectly stated that Plaintiff's Complaint was transferred to this Court by the District Court for the Eastern District of PA after the latter Court granted Plaintiff 's *in forma pauperis* motion. As stated above, Plaintiff initially filed her Complaint with the instant Court on November 12, 2013, and she then filed her *in forma pauperis* motion which has not yet been decided by this Court.

## II.     MOTION TO DISMISS STANDARD.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis

v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

**III.    DISCUSSION.**

As mentioned, since Plaintiff filed an *in forma pauperis* Motion, we can screen her Amended Complaint. Thus, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though she is not a prisoner and she is not complaining about prison conditions. *See Henry v. Harrisburg Police Dept.*, *supra*. Therefore, §1915(e) obligates the Court to review a complaint filed by a litigant who is seeking to proceeding *in forma pauperis* and to dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). *See Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6.

Plaintiff captions her Amended Complaint as a Civil RICO action under 18 U.S.C. § 1961, *et seq*. She refers to mail fraud violations under 18 U.S.C. § 1341 as well as conspiracy under 18 U.S.C. § 2. Plaintiff again names as her sole Defendant Money Gram International, Inc., and she states that this Defendant was incorporated in Delaware and had its principal place of business in Minneapolis, Minnesota, and later in Dallas, Texas. Plaintiff states that Defendant "provided a service that enabled customers to transfer money to various locations in the Untied States and around the world" and, that Defendant operated a worldwide network with approximately 275,000 locations in 190 countries. Plaintiff essentially alleges that she was a victim of a fraud perpetrated by Defendant when she used its services on several occasions to transmit a total of $7,500.00 pursuant to Defendant's scheme to defraud her and other

4

victims. Plaintiff avers that Defendant and its representatives would promise its victims certain items such as cash prizes and lottery winnings, and that Defendant and its agents would advise their victims that they had to pay taxes, custom duties and processing fees in advance to receive their prizes. Plaintiff alleges that she and the other victims were then directed to send their advance payments to "fictitious payees using [Defendant's] money transfer system."

Plaintiff raises two counts in her Amended Complaint, namely, Wire Fraud, Aiding and Abetting, under 18 U.S.C. §§ 1343 and 2, and Wilful Failure to Maintain an Effective Anti-Money Laundering Program, 31 U.S.C. §§ 5318(h) and 5322. Plaintiff alleges that the RICO violations Defendant committed occurred between January 2004 and August 2009, in the Middle District of Pennsylvania and elsewhere. Plaintiff again indicates that her claims against Defendant "have all been acknowledged by the Defendant in Criminal Case No. 1:12-cr-291, in this same Court [M.D. Pa.]." (Doc. 7, p. 15). *See United States v. Money Gram International, Inc.*, 1:12-CR-0291, M.D. Pa. Plaintiff states that Defendant's alleged conduct constituted a "pattern of racketeering activity" in violation of §1961, *et seq.*, and that she is entitled to treble damages under §1964(c).

In *Freedom Medical Inc., v. Gillespie*, 634 F. Supp. 2d 490, 508 (E.D. Pa. 2007), the Court stated:

> To state a claim under § 1962(c) of RICO, a plaintiff must allege that the defendant conducted or participated in the conduct of the alleged enterprise's affairs "through a pattern of racketeering activity." A "pattern of racketeering activity" is the commission within a ten year period of at least two of the predicate offences enumerated in 18 U.S.C. § 1961(1). 18 U.S.C. § 1961(5). Freedom Medical alleges that the predicate acts constituting the pattern of racketeering in both counts of its RICO claims are mail and wire fraud, 18 U.S.C. §§ 1341 and 1343, [FN7] . . . ....... ..

5

> FN7. In pertinent part, the mail fraud statute makes it a crime to mail or cause to be mailed something for the purpose of executing or attempting to execute any scheme or artifice to defraud. 18 U.S.C. § 1341. In pertinent part, the wire fraud statute makes it a crime to transmit or cause to be transmitted any communication by wire in interstate commerce for the purpose of executing any scheme or artifice to defraud. 18 U.S.C. § 1343. To constitute wire or mail fraud, the contents of the communications sent by mail or wire need not be fraudulent and the communications need not be an essential part of the fraudulent scheme. It is only necessary that they be "incident to an essential part of the scheme." *Schmuck v. United States,* 489 U.S. 705, 714, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

RICO's §1962(c) states:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). *See Freedom Medical Inc., v. Gillespie*, 634 F. Supp. 2d at 503.

As such, a plaintiff must sufficiently allege four elements to overcome a motion to dismiss a RICO claim under 18 U.S.C. § 1962(c). These four elements are: 1) conduct; 2) of an enterprise; 3) through a pattern; and 4) of racketeering activity. *Camiolo v. State Farm Fire & Gas Co.*, 334 F.3d 345, 364 (3d Cir. 2003) (*quoting Sedima S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 497-98 (1985); *Freedom Medical Inc., v. Gillespie*, 634 F. Supp. 2d at 503(citation omitted).

We find that in screening Plaintiff's Amended Complaint under 28 U.S.C. §1915, the Court can sua sponte dismiss Plaintiff's action since it is clear from the face of her pleading that

she did not timely file her civil RICO claims. *See Robinson v. Varano*, Civil No. 10-2131, M.D. Pa. (January 25, 2011 Order); *Jones v. Lorady*, Civil No. 11-0666, M.D. Pa. (June 17, 2011 Order); *Barnett v. York County,* Civil No. 11-906, M.D. Pa.(when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915).

It appears from the face of Plaintiff Troxler's amended pleading that her civil RICO claims may be untimely. Civil RICO claims are subject to a 4-year statute of limitations. *Rotella v. Wood*, 528 U.S. 549, 120 S.Ct. 1075 (2000). The Third Circuit Court of Appeals has held that the 4-year statute of limitations for civil RICO claims commences "when the Plaintiffs knew or should have known of their injury." *Forbes v. Eagleson* 228 F.3d 471, 484 (3d Cir. 2000). As stated, our Plaintiff repeatedly states that the RICO violations Defendant committed occurred between January 2004 and August 2009, in the Middle District of Pennsylvania and elsewhere. Also, as stated, Plaintiff filed her original Complaint in this Court on November 12, 2013. (Doc. 1). Thus, it appears that Plaintiff's 4-year statute of limitations for her civil RICO claims against Defendant expired, at the latest, in August 2013, three months before Plaintiff initiated the present action. Therefore, Plaintiff 's present action against Defendant may be time barred.

Moreover, as discussed, there is a criminal case that is currently pending in this Court against Defendant which appears to involve conduct by Defendant similar to the conduct alleged by Plaintiff Troxler against Defendant in her Complaints. *See United States v. Money Gram International, Inc.*, 1:12-CR-0291, M.D. Pa. Plaintiff Troxler, who alleges she is a fraud victim of Defendant, has a remedy to seek restitution against Defendant in the pending criminal

case. Recently, this Court issued an Order on December 4, 2013, in *United States v. Money Gram International, Inc.*, 1:12-CR-0291. The Court stated that Defendant Money Gram International, Inc., "entered into a deferred prosecution agreement with the government in which it agreed to pay the government $100,000,000 in lieu of a civil or criminal forfeiture action, (see Doc. 3)," and that "the forfeited funds will be restored to the victims of the fraud ... pursuant to 18 U.S.C. §981(e)(6), under the Petition for Remission and/or Mitigation procedures of the United States Department of Justice *or any other manner within the United States Attorney's General's discretion*." (Doc. 17, *United States v. Money Gram International, Inc.*, 1:12-CR-0291, M.D. Pa.)(emphasis original).

Thus, Plaintiff Troxler can submit proper documentation to the remission administrator in the pending criminal case against Defendant and present her alleged fraud loss of $7,500 in support of her claim for remission. As this Court stated in the criminal case against Defendant, "the government possesses the sole discretion to restore forfeited funds to the victims of fraud, see 18 U.S.C. §981(e)(6) ... ." (*Id.*)(citations omitted). Plaintiff Troxler does not allege that she has submitted a Petition for Remission with the remission administrator in the pending criminal case against Defendant.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend her pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based upon the above and the fact that Plaintiff already filed an amended pleading, as

8

well as our finding that Plaintiff 's civil RICO claims are time barred, we find that it would be futile to allow Plaintiff to file a second amended Complaint.

Therefore, we will recommend that the Court dismiss Plaintiff's Amended Complaint (Doc. 7) with prejudice and that Plaintiff be directed to submit a fraud loss claim for remission to the remission administrator in the pending criminal case against Defendant. *See United States v. Money Gram International, Inc*., 1:12-CR-0291, M.D. Pa. We will also recommend that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 5) be granted solely for the purpose of filing this case.

IV.   RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's Amended Complaint **(Doc. 7)** be dismissed with prejudice and that Plaintiff be directed to submit a Petition for Remission to the remission administrator in the pending criminal case against Defendant. *See United States v. Money Gram International, Inc*., 1:12-CR-0291, M.D. Pa. It is also recommended that Plaintiff's Motion to Proceed *in forma pauperis* **(Doc. 5)** be granted solely for the purpose of filing this case.

s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: January 7, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RUTH MARIE TROXLER, | : | CIVIL ACTION NO. 1:13-CV-2784 |
|---|---|---|
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| MONEY GRAM INTERNATIONAL, INC., | : | |
| Defendant | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 7, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: January 7, 2014**